UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------- x
                                                                 :
ALLSTATE INSURANCE COMPANY,                                      :
                                                                 :
           Plaintiffs,                                      :
                                                                 :  1:16-cv-11652-MLW
v.                                                               :
                                                                 :
JAMES FOUGERE, SARAH BRODY-ISBILL,                               :
and A BETTER INSURANCE AGENCY, INC.                              :
                                                                 :
           Defendants.                                      :
                                                                 :
----------------------------------------------------------------

## PLAINTIFF'S MOTION FOR ENTRY OF A PERMANENT INJUNCTION AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Plaintiff, Allstate Insurance Company ("Allstate"), pursuant to the Court's prior Orders on the parties' respective motions for summary judgment (Dkt. 164, 195) and Federal Rule of Civil Procedure 65, respectfully requests that this Court enter an Order converting the preliminary injunction entered into this matter into a permanent injunction. In support thereof, Allstate states as follows:

## I. INTRODUCTION AND PROCEDURAL BACKGROUND

Every requirement for a permanent injunction in this case has already been found by this Court as a matter of law. Despite having agreed to a preliminary injunction in this matter *years ago*, and despite this Court having already found that Defendants Sarah Brody-Isbill, James Fougere, and A Better Insurance Agency, Inc. ("ABIA") misappropriated and retained Allstate's trade secret information, Defendants refuse to an agreed permanent injunction that simply embodies what is already the law of this case. Either Defendants are refusing to do so because they believe that they would be prejudicing their appellate rights, or else their position is obstinacy for the sake of obstinacy.

Near the outset of this case, Allstate filed a motion for Temporary Restraining Order (Dkt. 4) which was granted (Dkt. 9) and later converted into a stipulated preliminary injunction. (Dkt. 14.) The stipulated preliminary injunction specifically prohibited Defendants from using or accessing four spreadsheets found on the servers of Defendant ABIA, that Allstate alleged contained Allstate confidential and trade secret information: the TU - Auburn, TU - Framingham, Allstate Auburn, and Allstate Framingham spreadsheets at the heart of this dispute (the TU - Auburn and TU - Framingham spreadsheets[1] together, "the Spreadsheets"). (*Id.*) Defendants subsequently filed an Answer denying that they had possession of or access to any Allstate confidential information, including specifically those lists. (Dkt. 22.) This Court disagreed: in its Orders granting summary judgment, this Court found that the Spreadsheets were Allstate property, constituted trade secrets under both federal and state law, and that Defendants were liable for violating the Defend Trade Secrets Act and Massachusetts Trade Secret Act by misappropriating and using those Spreadsheets, as well as breaching their Agreements with Allstate. (Dkt. 164, pp. 11-15, 34-50.)

While Allstate elected not to proceed to trial on the amount of its damages as to those claims and instead only seek its attorneys' fees and costs based on its successful contractual claims, every finding necessary for a permanent injunction has already been made by this Court in its summary judgment rulings. The preliminary injunction should be converted to a permanent injunction and Defendants should be permanently enjoined from accessing or using the

---

[1] This Court's summary judgment order expressly did not include the Allstate Auburn and Allstate Framingham spreadsheets (Dkt. 164, p. 4) because, as this Court will recall, those spreadsheets were destroyed during the pendency of this case and not part of the evidentiary record. (Dkt. 62, p. 8, 164, p. 14.) Accordingly, Allstate's request for a permanent injunction is only directed toward the two spreadsheets that the Court addressed in summary judgment and the information contained therein.

Spreadsheets and the information contained therein: information that the Court already found as matter of law constitute Allstate's trade secrets.

## II. ARGUMENT

The standard for issuance of a permanent injunction is nearly identical to that of a preliminary injunction. The Court looks to whether a plaintiff can demonstrate "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of the hardships between the [parties], a remedy in equity is warranted; and (4) that the public interest will not be disserved by a permanent injunction." *Esso Standard Oil Co. v. Lopez-Freytes*, 522 F.3d 136, 148 (1st Cir. 2008); *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 390 (2006). Instead of a "likelihood" of success on the merits, a court instead looks to whether a plaintiff had actual success on the merits of its claims. In considering whether those standards are met, courts within the First Circuit routinely look to prior summary judgment orders already entered in the case. *See CoxCom, Inc. v. Chaffee*, 536 F.3d 101, 112 (1st Cir. 2008) (court's earlier findings in support of TRO combined with plaintiff's success on summary judgment was adequate basis for issuance of permanent injunction).

Again, every factor supporting the issuance of a preliminary injunction has already been found by this Court as a matter of law. With regard to irreparable harm and lack of an adequate remedy at law, this Court found that the Spreadsheets are Allstate's trade secrets, and that Defendants misappropriated them. (Dkt. 164, pp. 11-15, 34-50.) Defendants themselves acknowledged that such misappropriation of the Spreadsheets would cause irreparable damage to Allstate. (*Id.*, p. 41.) Misappropriation and even threatened use of trade secrets, in and of itself, constitutes irreparable harm for which there is not adequate remedy at law. *See Aspect Software,*

3

*Inc. v. Barnett*, 787 F. Supp. 2d 118, 130 (D. Mass. 2011) (discussing the irreparable harm "via disclosure of trade secrets" and lack of adequate remedy at law); *Optos, Inc. v. Topcon Med. Sys., Inc.*, 777 F. Supp. 2d 217, 241 (D. Mass. 2011) (same); *TouchPoint Sols., Inc. v. Eastman Kodak Co.*, 345 F. Supp. 2d 23, 32 (D. Mass. 2004) ("The loss of a trade secret is generally found to constitute irreparable harm….That is in recognition of the fact that, 'once the trade secret is lost, it is gone forever.'") (internal citations omitted).

The balance of the hardships clearly weighs in favor of Allstate, as does the public interest. Again, considering that this Court already found that the Spreadsheets are Allstate trade secrets, it is difficult to imagine what hardship Defendants would suffer if permanently enjoined from using or disclosing information that this Court already found legally does not belong to them.[2] *See Optos, Inc.*, 777 F. Supp. 2d at 243(discussing lack of harm to defendant enjoined from using trade secrets); *Bos. Sci. Corp. v. Lee*, No. CIV.A. 13-13156-DJC, 2014 WL 1946687, at *6 (D. Mass. May 14, 2014). The public interest favors a permanent injunction as well considering that Massachusetts "has a clear public policy in favor of strong protections of trade secrets." *Optos, Inc.* at 242 (D. Mass. 2011); *Aspect Software, Inc.*, 787 F. Supp. 2d at 131 ("Massachusetts has a clear public policy in favor of strong protections for trade secrets."); *Jet Spray Cooler, Inc. v. Crampton*, 377 Mass. 159, 167 n.8 (1979).

While Defendants will presumably argue that Allstate did not succeed on the merits of its claims, that argument would confuse "damages" with success. Allstate was undoubtedly successful on the merits of its claims by establishing that the Spreadsheets (1) constitute Allstate trade secrets, (2) did not belong to Defendants, and yet (3) were in the possession of Defendants and being used

---

[2] Moreover, Defendants argued repeatedly that they were not actively using the Spreadsheets anyway, and have been enjoined from doing so for the past 5 years. The harm to Defendants if they were enjoined from doing so in the future is nonexistent.

4

by them (while the Court made no findings as to the extent of use). (Dkt. 164, pp. 34-50.) Allstate also was indisputably successful on its breach of contract claims, based on which the Court found that it was a prevailing party entitled to seek its fees and costs. (Dkt. 267). The permanent injunction sought by Allstate here does not more than seek to enforce what this Court already found were the terms of an enforceable contract between Allstate and Defendants. *See Ross–Simons of Warwick, Inc. v. Baccarat, Inc.*, 217 F.3d 8, 14 (1st Cir. 2000) (finding no abuse of discretion in the scope of a permanent injunction that "specifically enforces the contract" signed by the parties); *Contour Design, Inc. v. Chance Mold Steel Co.*, 693 F.3d 102, 112 (1st Cir. 2012). To find that Allstate is not entitled to permanent injunctive relief because it chose to conserve the Court's resources by simply taking a judgment for its attorneys' fees and costs would create a perverse incentive, whereby Defendants could go publicly disclose *what this Court already found to be* Allstate's trade secrets the day after final judgment is entered. *See Bos. Sci. Corp.*, 2014 WL 1946687 ("Without a court order to the contrary, Dr. Lee can disclose Boston Scientific's trade secrets at any time. The use and disclosure of Boston Scientific's confidential information is, in itself, an irreparable harm.)

A permanent injunction as to the Spreadsheets should be granted in this case. This Court already found as a matter of law that those Spreadsheets are Allstate's property and constitute trade secrets. There is no possible harm to Defendants enjoining them from using property that does not belong to them, and the public interest would be served by the protection of trade secrets.

### III. CONCLUSION

WHEREFORE, Allstate respectfully requests that this Court grant this Motion and enter an Order permanent enjoined Defendants, and anyone in concert with them, from using, disclosing, further misappropriating, or accessing the Spreadsheets, ordering Defendants to turn over any

remaining copies of the Spreadsheets to Defendants and certify that they have no other copies, and for any other relief that this Court deems appropriate.

December 15, 2021

                                                      Respectfully submitted,

                                                      _/s/ *Kevin J. Mahoney*_____
Erik W. Weibust (BBO #663270)
Dawn Mertineit (BBO #669988)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA  02210
Telephone:  (617) 946-4800
Facsimile:    (617) 946-4801

Kevin Mahoney (admitted *pro hac vice*)
SEYFARTH SHAW LLP
233 S. Wacker Dr., Suite 8000
Chicago, Illinois 60606
(312) 460-5000
kmahoney@seyfarth.com
*Counsel for Plaintiff Allstate Insurance Company*

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants, as identified on the Notice of Electronic File ("NEF"), and paper copies will be sent to those indicated as non-registered participants on December 15, 2021, by first class mail.

                                      /s/ *Kevin J. Mahoney*
                                      Kevin J. Mahoney