UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff/Counterclaim | ) | |
| Defendant, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 16-11652-JGD |
| JAMES FOUGERE, SARAH BRODY-ISBILL, | ) | |
| and A BETTER INSURANCE AGENCY, INC., | ) | |
| | ) | |
| Defendants/ | ) | |
| Counterclaimants. | ) | |

## ORDER OF JUDGMENT

January 21, 2022

DEIN, U.S.M.J.

This Court having been advised that Plaintiff Allstate Insurance Company ("Allstate") does not intend to seek compensatory damages at trial in this matter, judgment is hereby entered as follows:

1. Based on this Court's prior "Memorandum of Decision and Order on Cross-Motions for Summary Judgment" ("SJ Order") (Docket No. 164), judgment is entered in favor of Plaintiff Allstate on Count I of its Amended Complaint (Docket No. 11) against Defendant James Fougere ("Fougere") for breach of contract. Allstate, having waived its claim for compensatory damages, is entitled to nominal damages for breach of contract in the amount of $1.00.[1] The

---

[1] The Defendants' contention that the breach of contract claims must be dismissed in the absence of damages (see Docket No. 272) is overruled. Under Massachusetts law, "causation of damages is not an element of breach of contract, as a plaintiff is entitled to at least nominal damages upon proving a breach." Boston Prop. Exch. Trans. Co. v. Iantosca, 720 F.3d 1, 11 (1st Cir 2013) (citing Nathan v. Tremont Storage Warehouse, Inc., 328 Mass. 168, 102 N.E.2d 421, 423 (1951)). Accord Janisch v.

Court previously allowed the "Plaintiff's Motion for an Award of Attorneys' Fees and Costs and for Leave to Submit a Fee Petition" with respect to Fougere's breach of contract. (Docket Nos. 262, 264). The "Plaintiff's Petition for Attorneys' Fees and Costs" (Docket No. 270) remains under advisement.

2.  Based on this Court's prior SJ Order, judgment is entered in favor of Plaintiff Allstate on Count V of its Amended Complaint against Defendant Sarah Brody-Isbill ("Brody-Isbill") for breach of contract. Allstate, having waived its claim for compensatory damages, is entitled to nominal damages for breach of contract in the amount of $1.00. The Court previously ruled that Allstate is entitled to recover reasonable attorney's fees and costs in connection with this breach of contract claim. (Docket Nos. 262, 264). The "Plaintiff's Petition for Attorneys' Fees and Costs" (Docket No. 270) remains under advisement.

3.  In the SJ Order, this Court ruled that summary judgment also should enter in favor of Allstate as to liability only on Counts II, III, VI, VII, and IX of Plaintiff's Amended Complaint. Allstate has notified the Court that it does not intend to seek compensatory damages as to those claims, and has agreed that such claims should be, and hereby are, dismissed. (See Docket No. 271 at ¶ 3). Similarly, Allstate has notified the Court that it does not intend to pursue Count XI of its Amended Complaint and has agreed that such claim should be, and hereby is, dismissed. (See Docket No. 262 at 1 n.1). Allstate previously withdrew Counts IV, VIII and X of its Amended Complaint and has agreed that such claims should be, and hereby are, dismissed. (See Docket No. 197).

---

Mavros, No. 14-P-204, 87 Mass. App. Ct. 1132, 33 N.E.3d 1265 (Table), 2015 WL 3875673, at *3 (June 24, 2015) (collecting cases).

4. Defendants Fougere and Brody-Isbill asserted Counterclaims against Allstate (Docket No. 22). The Defendants withdrew Count IV. (See Docket No. 164 at 3 n.2). In connection with two rulings on motions for summary judgment, this Court found in favor of Allstate on all the remaining Counterclaims, *i.e.*, Counts I, II, III, and V. (See Docket Nos. 164, 195). Therefore, Defendants' Counterclaims are hereby dismissed.

5. The Court has allowed "Plaintiff's Motion for Entry of a Permanent Injunction" against Fougere, Brody-Isbill and A Better Insurance Agency, Inc. (Docket No. 283) (the "Motion"). Therefore, it is hereby Ordered as follows:

1. Defendants James Fougere, Sarah Brody-Isbill, and A Better Insurance Agency, Inc. ("ABIA"), and the employees and/or insurance agents of ABIA, are permanently enjoined from, directly or indirectly, accessing, using, possessing, or having access to the spreadsheets entitled "TU Framingham" and "TU Auburn" which were located on ABIA's and/or Fougere's databases and/or servers in connection with this litigation (hereinafter the "Spreadsheets") and the information contained therein.

2. Within fourteen (14) days of the date of the Court's Order on the Motion, defendants James Fougere, Sarah Brody-Isbill, and ABIA, and the employees and/or insurance agents of ABIA, shall return any remaining copies of the Spreadsheets to counsel for Allstate. In addition, within seven (7) days of the date of the Order on the Motion, defendants James Fougere, Sarah Brody-Isbill, and ABIA shall file a certification, under oath, with the court, attesting to the fact that all copies of the Spreadsheets, in any form, have either been returned to Allstate or destroyed.

6. A subsequent judgment will be entered following this Court's ruling on "Plaintiff's Petition for Attorneys' Fees and Costs" (Docket No. 270).

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge